**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC BRANDON FIELDS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA INSTITUTION FOR MEN MEDICAL CHIEF, *et al*.,<br><br>　　　　Defendants. | Case No. 5:21-cv-01226-JFW-AFM<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

　　　　On July 23, 2021, plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff paid the full filing fee. (*See* ECF No. 6.) Plaintiff presently is incarcerated at the California Institution for Men in Chino, California ("CIM"). The incidents that gave rise to plaintiff's claims herein occurred at CIM between July 17, 2020 and July 23, 2021. (ECF No. 1 at 2-3.) Plaintiff seeks monetary relief. (*Id.* at 8.)

　　　　In his Complaint, plaintiff names as defendants only the "unknown Medical Cheif [sic] and Med. [sic] Staff," in their individual and official capacities. (*Id.* at 3.) Plaintiff alleges that these unspecified officials were "negligent in providing effective medical care." (*Id.*) The Complaint purports to raise a single claim, under the Cruel and Unusual Punishment Clause of the Eighth Amendment. (*Id.* at 5.)

In accordance with the terms of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1).

The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. *See, e.g., Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of fact must be taken as true and construed in the light most favorable to plaintiff. *See, e.g., Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a court first "discount[s] conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation." *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518

F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). Nevertheless, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) *a short and plain statement of the claim showing that the pleader is entitled to relief*; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give

defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be "wholly without merit." *See McHenry*, 84 F.3d at 1179.

Following careful review, the Court finds that plaintiff's Complaint fails to comply with Rule 8 because it fails to present a short and plain statement of each claim that is sufficient to give any defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Further, as currently pled, the claims appear insufficient to state a federal civil rights claim on which relief may be granted against any defendant. Because plaintiff is a prisoner proceeding *pro se* in this action, the Court will provide plaintiff with an opportunity for amendment. Accordingly, the Complaint is dismissed with leave to amend to correct the deficiencies as discussed in this Order. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed herein.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading, the Court will recommend that this action be dismissed without

further leave to amend and with prejudice for failure to state a claim and failure to follow the Court's orders.[1]

**A.    RULE 8**

The Court finds that plaintiff's Complaint violates Rule 8 in that the pleading fails to allege a minimum factual and legal basis for each claim that is sufficient to give defendants fair notice of the number and type of claims raised in the pleading, which claim is raised against which defendant, and which factual allegations in the pleading give rise to each claim.

Plaintiff is admonished that, irrespective of his *pro se* status, he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California ("L.R."). *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3; L.R. 83-2.2.3. Pursuant to Fed. R. Civ. P. 10(a), the caption of the pleading must include all defendants listed in the body of the pleading. Here, the caption of the Complaint identifies the defendants as CIM "Medical Cheif [sic] and Staff." (ECF No. 1 at 1.) The body of the pleading does not identify any specific individuals as defendants and names only "unknown Medical Cheif [sic] and "med. [sic] staff." (*Id.* at 3.) Accordingly, it is not clear what defendants (or how many defendants) plaintiff wishes to name in this action. Further, the pages of plaintiff's Complaint are not all numbered. Pursuant to the Local Rules, the pages of plaintiff's pleading must be consecutively numbered as

---

[1]    Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

specified by L.R. 11-3.3 ("All documents shall be numbered consecutively at the bottom of each page.").

Plaintiff appears to name as a defendant the "Medical Cheif" [sic] at CIM. (ECF No. 1 at 3.) This defendant is named in his or her individual capacity, but plaintiff does not set forth any specific factual allegations against the Medical Chief. To the extent plaintiff is purporting to hold this defendant liable solely in his or her supervisory role, supervisory personnel are not liable under § 1983 on a theory of respondeat superior. *See, e.g., Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"); *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Plaintiff fails to allege any facts showing that the Medical Chief set "in motion a series of acts by others," or "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011). Therefore, plaintiff's Complaint violates Rule 8 because it fails to allege a minimum factual basis for plaintiff's claim(s) against the Medical Chief sufficient to give such defendant fair notice of the grounds upon which any claim against him or her rests.

Plaintiff's Complaint alleges only one cause of action, but it appears that plaintiff may be asserting multiple claims within this single cause of action. Plaintiff alleges a "Claim 1" and references the Eighth Amendment's Cruel and Unusual Punishment Clause. (ECF No. 1 at 5.) Within this claim, plaintiff alleges facts concerning a "physiatrist" who is not named as a defendant (*id.* at 5), unspecified "CDCR Medical," "CDCR Medical Staff" "CIM CDCR Medical Staff," "CIM Medical and correctional staff," and "CDCR staff" (*id.* at 5-6). Also within this one "Claim," plaintiff alleges that he "has requested work leave from CIM CDCR Medical Staff," which was denied; that the "CDCR Medical [sic] refused to give plaintiff medical accomodations [sic] regarding work placement hazards";

"retaleation [sic] efforts" by unspecified officials; and unspecified threats from "CDCR staff." (*Id.* at 6.) Plaintiff's Complaint, however, does not allege any facts concerning any request he made for leave from his work, "work placement hazards," any request for specific accommodations, or retaliation. Nor does plaintiff name any specific CIM official who is alleged to have taken any of these actions. Thus, it is unclear the number and type of federal civil rights violations plaintiff wishes to raise in this action.

Plaintiff does not identify or clearly name any individual official as a defendant in his Complaint. To state a federal civil rights claim, plaintiff must allege that a specific defendant deprived him of a right guaranteed under the United States Constitution or a federal statute, and he must allege that the "deprivation was committed by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis and alteration in original). As currently pled, it is not clear what action by any medical or correctional official at CIM at what time caused any violation of plaintiff's civil rights. Further, plaintiff's Complaint does not identify a factual basis for any claim against any specific official at CIM. Plaintiff's unsupported and conclusory allegations that "CDCR Medical sits on their hands" and that "CDCR Medical Staff" had "knowledge of [plaintiff's] severe medical condition and the limitations that it causes" (ECF No. 1 at 6) are not entitled to a presumption of truth while determining whether plaintiff's Complaint raises any plausible claim, and the Court does not accept as true such "unadorned, the-defendant-unlawfully-harmed-me" accusations. *See, e.g., Salameh*, 726 F.3d at 1129; *Keates*, 883 F.3d at 1243. As currently pled, plaintiff's factual allegations fail to comply with the requirement of Rule 8 that a complaint shall set forth, "simply,

concisely, and directly," the actions that he alleges each individual defendant took or failed to take that *caused* each alleged civil rights violation. *See Johnson*, 574 U.S. at 12.

Accordingly, the Court finds that plaintiff's Complaint fails to meet the basic requirement of Rule 8 that a pleading set forth a minimal factual and legal basis for each claim sufficient to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). The Court is mindful that, because plaintiff is appearing *pro se*, the allegations of the Complaint must be liberally construed, and plaintiff must be afforded the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" giving rise to each claim against each individual defendant. *Johnson*, 574 U.S. at 12. As currently pled, the factual allegations in the Complaint are insufficient to meet this requirement. A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient to comply with Rule 8. *Iqbal*, 556 U.S. at 678 (alteration in original, internal quotation marks omitted).

If plaintiff wishes to pursue a federal civil rights claim against any individual defendant, plaintiff should name that individual as a defendant in his First Amended Complaint and set forth in that pleading a separate, short, and plain statement of the actions that each defendant is alleged to have taken, or failed to have taken, that caused each alleged violation of a right guaranteed under the federal Constitution or a federal statute.

\\\
\\\

## B.     OFFICIAL CAPACITY CLAIMS

Plaintiff names the "unknown Medical Cheif [sic] and Med. Staff" in their official capacities as well as their individual capacities. (ECF No. 1 at 3.) These defendants are all alleged to have been employed at the relevant time by the California Department of Corrections and Rehabilitation ("CDCR"), which is a state agency. The Complaint seeks only monetary damages.

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 166 (emphasis in original). Further, in *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 64-66, 71 (1989), the Supreme Court held that states and state agencies are not persons subject to civil rights suits under 42 U.S.C. § 1983 and that a suit against a state official in his or her official capacity is "no different from a suit against the State itself."

The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Eng'g v. Univ. of Cal.*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity). Finally, Congress has not repealed State sovereign immunity against suits under 42 U.S.C. § 1983.

Accordingly, a state agency, such as the CDCR, is immune from civil rights claims raised pursuant to § 1983. *See Pennhurst*, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (the Eleventh Amendment bars claim for injunctive relief against

Alabama and its Board of Corrections). In addition, the Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988).

Therefore, any claims seeking monetary damages from defendants in their official capacities are barred by the Eleventh Amendment.

## C.   EIGHTH AMENDMENT

Plaintiff's Complaint purports to raise one claim under the Cruel and Unusual Punishment Clause of the Eighth Amendment against unspecified defendants for inadequate medical care. (ECF No. 1 at 5.) Plaintiff alleges that: he was provided with an X-ray on July 17, 2000, he attended "therapy approximately twice a week until May 21, 2021," he received a "steroid injection" on May 5, 2021, and he was provided with medication to treat his pain. (*Id.* at 5, 7.) Plaintiff also alleges that he informed his unidentified "physiatrist" on May 19, 2021, that the injection did not help his pain, and he continues to suffer "extreme and severe" pain. (*Id.* at 5-6.)

To state a claim under the Eighth Amendment for constitutionally inadequate medical care, a prisoner must show that a defendant was deliberately indifferent to his serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "This includes both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

To meet the objective element of a deliberate indifference claim, a prisoner "must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (internal quotation marks omitted).

To meet the subjective element of a deliberate indifference claim, "a prisoner must demonstrate that the prison official acted with deliberate indifference." *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotation marks omitted). Deliberate indifference may be manifest by the intentional denial, delay, or interference with a prisoner's medical care. *See Estelle*, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *see also Colwell*, 763 F.3d at 1066 (a "prison official is deliberately indifferent . . . only if the official knows of and disregards an excessive risk to inmate health and safety" (internal quotation marks omitted)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment are all insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Here, it is not clear what serious medical condition plaintiff alleges any defendant was deliberately indifferent to. Plaintiff alleges he was "suffering with a progressing [sic] illness" (ECF No. 1 at 6), but he fails to allege any facts in the Complaint that identify such "illness" or show how it was "progressing" at the relevant time. Plaintiff also alleges that he "is in fear" of the "possibility of paralysis in the future" (*id.* at 7), but he does not allege any facts in the Complaint showing how any medical condition plaintiff is suffering from puts him at a serious risk of

paralysis. Plaintiff also alleges that the "left side of [his] body goes numb," but he alleges no facts regarding when, how often, or under what circumstances this has occurred. Further, plaintiff does not allege that he ever sought medical treatment from any official at CIM for numbness or his fear of future paralysis.

In additional, plaintiff has attached copies of some medical records to his Complaint. The attachments reflect that X-rays showed "mild degenerative changes" "within the cervical spine," and his soft tissues were found to be "unremarkable" and "within normal limits." (*Id.* at 9.) A medical consultation on April 14, 2021 noted that the X-rays were "unremarkable" and found plaintiff's range of motion to be within functional limits. (*Id.* at 12.) Another follow-up on May 5, 2021 noted that plaintiff was receiving physical therapy twice a week and indicated the treatment plan included a local injection. (*Id.* at 13.) A Progress Note on May 19, 2021 stated that a steroid injection had been given two weeks earlier and that plaintiff was continuing to receive physical therapy. (*Id.* at 14.) Accordingly, plaintiff's attachments and the factual allegations in the Complaint reflect that he appears to have been provided with continuing medical treatment for his complaints of pain.

Further, plaintiff does not allege that he requested and was denied medical treatment at any specific time from any official. To the contrary, the facts alleged, together with the attachments to the Complaint, show that plaintiff was provided with medical treatment (including regular physical therapy) from the time of his first alleged incident date of July 17, 2020, through at least May 2021 when he received a steroid injection. Plaintiff alleges that he informed an unidentified official that he remained in pain on May 19, 2021, but plaintiff does not allege that he subsequently sought additional medical treatment that was denied. Plaintiff signed his Complaint on July 23, 2021 (ECF No. 1 at 8), and he includes no factual allegations between May 19, 2021, and July 23, 2021. Accordingly, the factual allegations in the Complaint fail to reflect that plaintiff's pain was untreated for any significant length of time.

To the extent plaintiff is purporting to raise a claim under the Eighth Amendment because he disagrees with the type of medical treatment he was provided, mere disagreement with his treating physicians does not give rise to a federal civil rights claim. Rather, plaintiff must set forth factual allegations plausibly suggesting that the denial of treatment or the course of treatment selected "was medically unacceptable under the circumstances" and made "in conscious disregard of an excessive risk" to plaintiff's health. *See, e.g., Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016); *Toguchi*, 391 F.3d at 1057-60. The Complaint fails to set forth any factual allegations showing that any official at CIM was aware that plaintiff suffered from a serious medical need at the relevant time, was aware of facts from which an inference could be drawn that a failure to provide additional medical care would expose plaintiff to a substantial risk of serious harm, drew an inference that plaintiff faced an excessive risk, or acted intentionally or deliberately to disregard or interfere with plaintiff's medical treatment. At most, plaintiff alleges that unspecified officials were negligent in providing plaintiff with medical care. (ECF No. 1 at 3, 6.) Negligent conduct by a prison medical official simply fails to give rise to a civil rights claim. Even "gross negligence" is insufficient to establish deliberate indifference. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). The factual allegations in plaintiff's Complaint, even when accepted as true and construed liberally, appear insufficient to raise more than a sheer possibility that any medical official intentionally denied, delayed, or interfered with plaintiff's care for a serious medical need. *See Iqbal*, 566 U.S. at 678 (the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully").

Accordingly, if plaintiff wishes to state a claim under the Eighth Amendment against any individual official at CIM, plaintiff should set forth a separate, short, and plain statement of the actions that each defendant is alleged to have taken, or failed to have taken, that caused each alleged violation.

************

If plaintiff still desires to pursue any federal civil rights claims in this action, **he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order**, **remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint. Further, if plaintiff feels that any document is integral to any of his claims, then he should attach such document as an exhibit at the end of the First Amended Complaint and clearly allege the relevance of each attached document to the applicable claim raised in the First Amended Complaint.

Plaintiff is reminded that, irrespective of his *pro se* status, if plaintiff wishes to proceed with this action, then he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See* L.R. 1-3. For example, the pages of plaintiff's pleading are not consecutively numbered as is required by L.R. 11-3.3 ("All documents shall be numbered consecutively at the bottom of each page.").

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or he fails to remedy the deficiencies of this pleading as discussed herein, then the Court will recommend that the action be dismissed with prejudice on the grounds set forth above or for failure to diligently**

**prosecute.**

     **IT IS SO ORDERED**.

DATED: 8/10/2021

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment: Form CV-066
             Form CV-009

15